## (November 20, 1962)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS CARUSO, Appellant.— Order, entered on June 12, 1961, denying the application for a writ of error *coram nobis* without a hearing, unanimously reversed, on the law, and the matter remanded for a hearing. At the trial leading to the conviction of this defendant for murder in the first degree, the principal prosecution witness was one Peluso, who had been indicted jointly with the defendant. This application is based in part on the allegation that Peluso — who had pleaded guilty to murder in the second degree prior to the trial but had not yet been sentenced — had received a promise from the District Attorney as an inducement for his testimony. The District Attorney is alleged to have promised that he would recommend to the court, at the time of sentence, that Peluso be permitted to withdraw his plea to murder in the second degree and enter a plea to manslaughter in the first degree. That is not an unsupported allegation. The defendant refers to the testimony given by the District Attorney at a hearing in a prior *coram nobis* proceeding brought on by Peluso. When asked whether he did in fact recommend such a reduction in plea the District Attorney replied " Not on the record. Whether I did it at the Bench or not, I don't remember.

I still say I was sympathetic with this man." The District Attorney's denial that such a promise had been made raises an issue of fact necessitating a hearing for its resolution. The District Attorney in summation stated in effect that Peluso had nothing to "gain" by testifying for the prosecution. If, in fact, the alleged promise had been made ·this statement would be improper. On the contrary, the jury should have been advised of the promise so that it could have determined the influence, if any, of the promise on Peluso's testimony given at the trial *(People* v. *Mangi,* 10 N Y 2d 86). In view of the above a hearing is required. Concur — Botein, P. J., Breitel, Rabin, Stevens and Steuer, JJ.